IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEE ACTION SPORTS, LLC, a, Delaware limited liability company<br><br>                Plaintiff,<br><br>    v.<br><br>SHYANG HUEI INDUSTRIAL CO., LTD, a Taiwan company, dba SUNWORLD INDUSTRIAL CO., LTD, also dba DANGEROUS POWER, also dba DP ENGINEERING, and AMAZONE, INC., a California corporation,<br><br>                Defendants. | No. 3:14-cv-00071-HZ<br><br>OPINION & ORDER |

Craig R. Rogers
Matthew C. Phillips
Renaissance IP Law Group, LLP
9600 SW Oak St., Suite 560
Portland, OR 97223

      Attorneys for Plaintiff

/ / /
/ / /

1 - OPINION & ORDER

Devon Zastrow Newman
Schwabe, Williamson & Wyatt, PC
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

Thomas J. Daly
G. Warren Bleeker
Christie, Parker & Hale, LLP
655 N. Central Ave., Suite 2300
Glendale, CA  91203

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff KEE Action Sports brings this action for breach of contract, breach of covenant of good faith and fair dealing, and patent infringement.  Defendant Amazone moves to dismiss for failure to mediate and improper venue, or in the alternative, to transfer the case.  I find that the parties are required to mediate before filing suit; and that the proper venue for any such proceeding is Portland, Oregon.  Therefore, I deny the motion [10] to dismiss or transfer, and stay the case so that the parties can complete mediation before the case may proceed.

## BACKGROUND

      Plaintiff KEE owns several electronic paintball gun patents and has a principal place of business in New Jersey.  Compl. Ex. A at 2.  Defendant SunWorld, a company based in Taiwan, also owns patents related to electronic paintball guns.  Id.  Defendant Amazone, a California company, is the exclusive U.S. distributor for Defendant SunWorld's paintball gun products.  Id. at 2, 10.

      In January 2012, KEE, SunWorld, and Amazone entered into a settlement agreement to resolve a dispute over a patent license agreement and unpaid royalties.  Compl. Ex. A. at 2, 6-7.

2 - OPINION & ORDER

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

      KEE and SunWorld also entered into an amended license agreement, effective October 1, 2011.  Id. at 4.  Although Amazone is not a signatory to the amended license agreement, Amazone is recognized as a "Related Company" that is bound by the terms of the amended license agreement.  Id. at 10, 15.  ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

      SunWorld made its first royalty payment under the amended license agreement in the last quarter of 2011.  Compl. ¶ 65.  Since then, SunWorld has not paid any royalties to KEE.  Compl. ¶¶ 19, 65.  SunWorld stopped paying royalties because it believed that it did not infringe on any valid claim of KEE's electronic paintball gun patents.  Id. at ¶ 22.  KEE alleges that SunWorld continues to use KEE's patented technology despite not complying with the terms of the amended license agreement.  Id. at ¶¶ 24-26.

      KEE filed suit in January 2014, alleging claims of breach of contract, breach of good faith and fair dealing, and patent infringement.  Compl. 15-18.  Amazone moves to dismiss, arguing that KEE was required to mediate any dispute before filing suit and that Portland is not the proper venue.  In the alternative, Amazone requests transfer of the case to the Central District of California.

STANDARDS

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."  Am.

3 - OPINION & ORDER

Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (quotation and citations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

DISCUSSION

Amazone moves to dismiss, or in the alternative, moves to transfer the case. According to Amazone, the amended license agreement has a dispute resolution clause that mandates mediation for all disputes regarding the amended license agreement.

4 - OPINION & ORDER

> *Any dispute* regarding this Agreement and the obligations of the parties pursuant to this Agreement *shall be submitted to non-binding mediation. Such mediation must be completed before a party may bring suit in any court for breach or rescission of any provision of this Agreement.* The mediation shall be conducted by a former judge associated with JAMS pursuant to JAMS mediation rules, or such other mediator that is mutually agreeable to the disputing parties.

Compl. Ex. A at 16-17 (emphasis added). Therefore, before filing suit for breach of the amended license agreement, mediation must occur. KEE does not dispute that mediation must occur. Rather, KEE argues that Amazone has waived the mediation requirement based on its conduct. From the declarations submitted by the parties, the following attempts at mediation have been made:

1. On April 29, 2013, KEE emailed Defendants Amazone and Sunworld requesting that Defendants waive the mediation requirement. Rogers Decl. [23-1] Ex. A.

2. According to KEE, prior to the filing of the complaint, Defendants maintained they had no obligations under the license agreement and made no response to KEE's multiple requests for wavier of the mediation provision. Rogers Decl. [23-1] ¶ 7. According to Amazone, KEE never requested that the parties mediate. Bleeker Decl. [22] ¶ 2.

3. On January 14, 2014, KEE sent a letter and copy of the complaint that was filed that day to Defendants. KEE stated it was willing to mediate, but did not think that the mediation would be fruitful. KEE gave a deadline of January 22, 2014 for Defendants to respond. If no response, then KEE said it would assume that Defendants waived the mediation requirement. Rogers Decl. ¶ 8.

4. After the complaint was filed, Amazone proposed that the parties mediate in San Francisco at a JAMs mediation facility. KEE refused, and would only agree to mediation in which KEE's counsel could appear by phone from Portland, and presumably KEE would appear by phone from New Jersey. Supplemental Daly Decl. [26] ¶ 3.

5. On January 22, 2014, Amazone responded to KEE's Jan. 14th letter. Amazone stated that it did not waive the mediation requirement, asked KEE to dismiss the complaint, and provided a copy of its motion to dismiss that it intended to file. Bleeker Decl. [22] Ex. 6.

6. On January 24, 2014, KEE wrote to Defendants indicating KEE's willingness to comply with the mediation requirement, but again reiterated its position that mediation would be a waste of time. KEE also stated that it was unwilling to dismiss its complaint, but would agree to delay service of the complaint. Rogers Decl. Ex. D.

5 - OPINION & ORDER

7. On February 3, 2014, KEE wrote to Amazone stating that KEE remained willing to mediate, but that the mediation must occur in Portland pursuant to the license agreement. KEE proposed a JAMS mediator that was willing to travel to Portland. Rogers Decl. [23-1] Ex. E.

8. On February 10, 2014, Amazone responded that the complaint needed to be dismissed because mediation has not occurred, disagreed that the mediation has to occur in Portland, suggested San Francisco as a "neutral" location for the mediation, and rejected KEE's suggested mediator because he was not a former federal judge. Bleeker Decl. [22] Ex. 2.

9. On February 11, 2014, KEE suggested that they all, including the mediator, participate in the mediation by phone or videoconference. Rogers Decl. [23-1] ¶ 15. Amazone believes that for mediation to be effective, the mediation needs to occur in person. Daly Decl. [12] ¶ 2.

Based on the above, I disagree that Amazone has waived the mediation requirement. It is apparent that both parties have attempted to mediate, but cannot agree on the details of the mediation.

The main obstacle to mediation appears to be the parties' disagreement over the location for mediation. KEE asserts that mediation is required to take place in Portland because of a choice of law and forum clause in the amended license agreement which states:

> This Agreement shall be construed and the legal relations between the parties hereto determined in accordance with the laws of the State of Oregon or in accordance with Federal law, as appropriate. *Unless otherwise agreed to by the parties, any claim or proceeding based in whole or in part upon this Agreement shall be brought in Portland, Oregon.*

Compl. Ex. A at 16 (emphasis added). Amazone disagrees that the mediation is covered by the choice of law and forum clause because mediation is not "any claim or proceeding." Amazone also argues that the location is determined by the JAMS mediation rules because of the preceding language, "[u]nless otherwise agreed to by the parties."

I am not persuaded by Amazone's arguments. First, Amazone does not explain why mediation cannot be a "proceeding" covered by the choice of law and forum clause. Second,

6 - OPINION & ORDER

Amazone argues that JAMS has no Portland office, and therefore a JAMS mediation cannot take place in Portland. The dispute resolution clause requires only that a former federal judge associated with JAMS conduct the mediation, not that the mediation occurs in a JAMS office. I conclude that the mediation must occur in Portland, Oregon as agreed to by the parties in the amended license agreement.

Amazone moves to dismiss the case because the mandatory mediation has not yet occurred. KEE argues that a stay of the case would be more appropriate than a dismissal while the parties mediate. A trial court "possesses the inherent power to control its own docket and calendar." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55, (1936)). A trial court may exercise its discretion to grant a stay by finding it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180 (1952)). Amazone argues that a stay is inappropriate, but does not explain any hardship that might result from the stay. I find that in the interest of judicial economy and efficiency, the case should be stayed pending the parties' conclusion of mediation. Amazone's motion to dismiss is denied.

Regarding the motion to transfer in the alternative, Amazone ignores the choice of law and forum clause in the amended license agreement that requires any claim or proceeding must be brought in Portland, Oregon. Amazone argues that the settlement agreement, which has its own choice of forum clause, requires that KEE bring its case in Los Angeles, California. Compl. Ex. A at 6. KEE has alleged breach of the amended license agreement, not the settlement agreement, and breach of good faith and fair dealing regarding the amended license agreement.

7 - OPINION & ORDER

Compl. ¶¶ 82, 93-94. Even the patent infringement claim is based on the breach of the amended license agreement. Id. at ¶ 101. KEE's requested relief supports this conclusion as well. KEE requests that the amended license agreement be declared valid and that SunWorld is obligated to follow the terms of the amended license agreement. Id. at ¶¶ 97-98; 19-20 ("Request for Relief"). Although KEE mentions the settlement agreement in its allegations, KEE is seeking to enforce the amended license agreement. Because the settlement agreement is not in dispute, the choice of forum clause from the settlement agreement is inapplicable. The motion to transfer is denied.

## CONCLUSION

Based on the foregoing, Defendant Amazone's motion to dismiss or transfer [10] is denied and the parties are ordered to participate in mediation in Portland, Oregon. This case is stayed pending the parties' completion of mediation.

IT IS SO ORDERED.

Dated this 2 day of June, 2014.

MARCO A. HERNÁNDEZ
United States District Judge

8 - OPINION & ORDER