IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KEE ACTION SPORTS, LLC, a
Delaware limited liability company,

        Plaintiff,

    v.

SHYANG HUEI INDUSTRIAL CO.,
LTD, a Taiwan company, dba SUNWORLD
INDUSTRIAL CO., LTD, also dba
DANGEROUS POWER, also dba DP
ENGINEERING, and AMAZONE, INC.,
a California corporation,

        Defendants.

No. 3:14-cv-00071-HZ

OPINION & ORDER


Craig R. Rogers
Matthew C. Phillips
RENAISSANCE IP LAW GROUP, LLP
9600 SW Oak St., Suite 560
Portland, OR 97223

      Attorneys for Plaintiff

/ / /
/ / /

1 - OPINION & ORDER

Devon Zastrow Newman
SCHWABE, WILLIAMSON & WYATT, PC
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

Thomas J. Daly
G. Warren Bleeker
CHRISTIE, PARKER & HALE, LLP
655 N. Central Ave., Suite 2300
Glendale, CA  91203

        Attorneys for Defendants

HERNÁNDEZ, District Judge:

        Plaintiff KEE Action Sports filed a motion asking the court to find Defendant Amazone

in contempt.  Plaintiff also moves the court for a preliminary injunction and a lift of the stay in

this case.  First, Plaintiff requests that Defendant be held in contempt because it violated this

court's order by failing to participate in mediation and by filing two reexamination petitions with

the United States Patent and Trademark Office ("USPTO").  Second, Plaintiff requests a

preliminary injunction to prevent Defendant from challenging the validity of Plaintiff's patents

before the USPTO and in other proceedings.  Third, Plaintiff moves to lift the stay in this case,

despite the parties' failure to mediate.  I find that Amazone has not violated the court's order,

that KEE has not made the required showing for a preliminary injunction, and that the stay

should not be lifted because the parties have not completed mediation.  Therefore, Plaintiff's

motion [28] is denied in its entirety.

## BACKGROUND

        KEE brought suit against SunWorld and Amazone, SunWorld's exclusive U.S.

distributor, for breach of a Restated Licensing Agreement, breach of good faith and fair dealing,

and patent infringement.  Compl. ¶¶ 80–107.  Defendant Amazone moved to dismiss, arguing the

Restated Licensing Agreement required the parties to mediate before filing suit.  I denied

Amazone's motion to dismiss, ordered the parties to mediate in Portland, Oregon, and stayed the case pending completion of the mediation.  Jun. 2, 2014 Op. & Order [27] at 8.

After the court's order, KEE contacted a JAMS mediator, the Hon. Wayne Brazil (Ret.). Rogers Decl. ¶ 2.  Amazone proposed two dates for the mediation, and the parties agreed on July 25, 2014.  Id. ¶¶ 4–5.  Amazone insisted that the mediation occur in person and with principals and officers from both sides who had full settlement authority.  Id. ¶ 7.  Amazone informed KEE that Yi Chuan (Belden) Liu, President of Amazone, would be present and would have full settlement authority for both Amazone and SunWorld.  Daly Decl. ¶ 2.  KEE made several demands for written documentation of Liu's authority to settle on behalf of SunWorld and his relationship to SunWorld.  Roger's Decl. ¶¶ 14–20.  Amazone did not comply with these demands because the information was confidential, and the parties had been unable to agree on mediation confidentiality rules.  Daly Decl. ¶¶ 6–10.  KEE then cancelled the mediation proceeding.  Roger's Decl. ¶ 21.  Both parties had booked non-refundable airline tickets, and Amazone had made a $3,650 pre-payment to JAMS.  Daly Decl. ¶ 5; Pl.'s Reply at 9.  Amazone has since filed for reexamination of two of KEE's patents with the USPTO.  Daly Decl. ¶ 11.

KEE now moves the court for the following: (1) to hold Amazone in contempt for failing to mediate in good faith and for filing its petitions for reexamination with the USPTO, (2) to enjoin[1] Amazone from filing any further proceedings and require Amazone to withdraw its reexamination petitions, and (3) to lift the stay on proceedings because Amazone has waived the mediation requirement in the Restated Licensing Agreement.  Pl.'s Br. at 10, 16, 18.[2]

---

[1] I interpret Plaintiff's request for a "temporary injunction" as a request for a preliminary injunction.

[2] Under Local Rule 7(b), Plaintiff should have filed three separate motions rather than one single motion.

DISCUSSION

## I.    Motion for Contempt

KEE argues Amazone should be held in contempt for violating the court's June 2014 order.  KEE asserts Amazone violated this order by failing to put forth a "good faith" effort to mediate and by filing reexamination petitions with the USPTO.  Pl.'s Reply at 6–7; Pl.'s Br. at 10.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."  Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966) (internal quotation marks omitted)).  A court may hold in contempt "any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act."  Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983) (citations omitted).  To avoid contempt a person must take "all the reasonable steps within [his or her] power to insure compliance with" the order.  Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992) (quoting Sekaquaptewa v. MacDonald, 544 F.2d 396, 406 (9th Cir.1976) (internal quotation marks omitted)).  It is "well settled" that the party moving for contempt has the burden to show by clear and convincing evidence that the nonmoving party has failed to comply with a specific and definite court order.  F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing Stone, 968 F.2d at 856 n.9).  "The burden then shifts to the nonmoving party to demonstrate why they were unable to comply."  Id. (quoting Stone, 968 F.2d at 856 n.9) (internal quotation marks omitted).

KEE argues that Amazone should be held in contempt for failing to mediate in good faith.  I ordered KEE and Amazone to participate in mediation in Portland, Oregon.  Jun. 2, 2014 Op. & Order at 8.  After the order issued, KEE contacted a mediator and the parties agreed on a

date.  Both parties purchased airline tickets, and Amazone paid its portion of the mediation fee.

After both parties identified their representatives for mediation, KEE made repeated demands for

written proof of Liu's authority to settle on behalf of both Defendants, and his connection to

SunWorld.  Amazone did not comply with these demands.  According to KEE, because

Amazone imposed the condition that principals with full settlement authority must represent all

parties, Amazone could not proceed in good faith if it did not comply with KEE's demands.

Pl.'s Br. at 6–7.  Amazone responds that KEE's demands were an attempt to conduct "one way

discovery" and created an "artificial limitation to the process."  Def.'s Resp. at 8–9.  In light of

the evidence, I find that Amazone intended to mediate in good faith and took reasonable steps to

do so.  It purchased non-refundable airline tickets for its representatives and paid its mediation

fees.  KEE has not provided clear and convincing evidence that Amazone violated this court's

order to mediate.

KEE next argues that Amazone violated the court's order by filing the reexamination

petitions with the USPTO.  KEE construes the court's order as requiring the parties not to

institute any proceedings in any fora other than Portland, contending that this court ordered "all

dispute resolution proceedings" must be held in Portland.  Pl.'s Br. at 10.  Therefore, because

Amazone filed reexamination petitions before the USPTO, a different forum, KEE asserts

Amazone violated the court's order.  Id.

KEE misapprehends the scope of the court's order.  I ordered that the parties participate

in mediation in Portland, Oregon and nothing more.  Jun. 2, 2014 Op. & Order [27] 8.  Nothing

in the court's order prevents Amazone from filing the reexamination petitions with the USPTO.

Accordingly, Amazone did not violate a "specific and definite" court order by filing the

reexamination petitions.  <u>Shuffler</u>, 720 F.2d at 1146.  KEE's motion for contempt and the request for sanctions is denied.

**II.     Motion for Preliminary Injunction**

KEE moves for a preliminary injunction, requiring Amazone to withdraw its reexamination petitions and prohibiting Amazone from raising further challenges to KEE's patents in violation of the "no challenge" clause of the Restated License Agreement.[3]  Pl.'s Br. at 11.

**A.     Standards**

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).  The plaintiff "must establish that irreparable harm is <u>likely</u>, not just possible[.]"  <u>Alliance For The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).  The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  <u>Id.</u>  Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases.  <u>Id.</u>

The party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four required elements set forth above.  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (per curiam) (citation and internal quotation marks omitted); <u>Lopez v. Brewer</u>, 680 F.3d 1068, 1072 (9th Cir. 2012) (A "'preliminary injunction is an extraordinary and drastic

---

[3] The "no challenge" clause provides that Defendants "agree not to contest or otherwise challenge, and agree not to assist others in contesting or challenging, the validity of" KEE's patents.  Compl., Ex. A at 11.

remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion.'") (quoting <u>Mazurek</u>, 520 U.S. at 972) (emphasis in original).

Ordinarily, monetary harm does not constitute irreparable harm.  <u>E.g.</u>, <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury … will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."); <u>L.A. Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980) ("[M]onetary injury is not normally considered irreparable.").  Intangible injuries such as loss of goodwill and prospective customers can qualify as irreparable harm.  <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co.</u>, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."); <u>Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991) (explaining damage to reputation or customer relationships may support a finding of irreparable harm because it is difficult to quantify).

However, an intangible injury must still be likely; speculative injury is insufficient.  <u>Earth Island Inst. v. U.S. Forest Serv.</u>, 351 F.3d 1291, 1311 (9th Cir. 2003) ("The law does not require the identified injury to be certain to occur, but it is not enough to identify a purported injury which is only theoretical or speculative."); <u>Goldie's Bookstore, Inc.</u>, 739 F.2d at 472 ("[T]he court determined that Goldie's would lose goodwill and "untold" customers.  This finding, not based on any factual allegations, appears to be speculative.  Speculative injury does not constitute irreparable injury.").

### B.    KEE Does Not Establish It Is Entitled to a Preliminary Injunction

KEE requests that this court enjoin Amazone from breaching the "no challenge" clause of the Restated License Agreement, but fails to argue the four factors that are required for a

preliminary injunction.  Indeed, KEE expressly references only irreparable harm.  Pl.'s Reply at 19–20.

### 1.    KEE Does Not Establish Irreparable Harm

KEE argues that if Amazone's actions are not enjoined they will not only increase "the costs and length of the present litigation," but "numerous other proceedings may be entered to consume [KEE's] time and resources."  Pl.'s Reply at 19.  The cost of litigation is not irreparable harm.  KEE also asserts that Amazone's actions will harm KEE's reputation and encourage other actual and potential licensees to "delay license agreements, withhold payments, or refuse licenses altogether when they learn that the patents are being challenged."  Id.  KEE's argument is unsupported by any evidence and is speculative at best.  "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988)) (emphasis added).  See also  Winter, 555 U.S. at 20 (holding irreparable harm must be likely, not just possible); Goldie's Bookstore, Inc., 739 F.2d at 472 (explaining that an intangible injury may not be speculative).  KEE fails to establish that irreparable harm will result in the absence of a preliminary injunction.

A court may not impose a preliminary injunction unless the moving party meets its burden to show of all four factors.  Alliance for Wild Rockies, 632 F.3d at 1136 (holding that Winter mandates the party moving for an injunction show all four factors, even when the court applies a sliding scale test); Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) ("To the extent that our cases have suggested a lesser standard [than Winter] they are no longer controlling, or even viable.").  Accordingly, because of the absence of irreparable harm, I deny KEE's motion for preliminary injunction.

### 2.    KEE Does Not Establish the Remaining Three Factors

KEE's motion also fails because there is no discussion of the other three factors required for a preliminary injunction.  Amazone interpreted some portions of KEE's argument as relating to the likelihood of success on the merits factor.  See Def.'s Resp. at 12–17; Pl.'s Br. at 11–16. KEE argues the "no challenge" clause is valid and enforceable, and Amazone violated the clause by filing the reexamination petitions.  Pl.'s Br. at 13–16.  Even if KEE has shown some likelihood of success on the merits, KEE failed to show that the balance of equities tips in its favor or that the public interest favors a preliminary injunction.  It is KEE's burden to make a "clear showing" that it is entitled to the "extraordinary and drastic remedy" of a preliminary injunction.  Lopez, 680 F.3d at 1072 (quoting Mazurek, 520 U.S. at 972).  KEE cannot meet its burden if it does not engage with the Winter analysis.  See Ovitsky v. Oregon, No. 3:12-CV-02250-AA, 2013 WL 5253162, at *3 (D. Or. Sept. 16, 2013) (denying motion for preliminary injunction because plaintiff "did not provide any argument or evidence" establishing the Winter factors); Marcus v. Oregon, No. 3:12-CV-01750-HZ, 2012 WL 5955762, at *2 (D. Or. Nov. 25, 2012) (denying motion for preliminary injunction because "[p]laintiff does not specifically argue, let alone make a sufficient showing, that he has satisfied any of the four factors required for a preliminary injunction.").

KEE's motion for a preliminary injunction is denied.

### III.    Motion to Lift the Stay

KEE argues that "despite the failure to hold a mediation conference, the parties' attempt at mediation, should, nonetheless, be deemed sufficient to satisfy the mediation requirement of the Restated License Agreement."  Pl.'s Br. at 18.  In the alternative, KEE argues that Amazone failed to mediate in good faith, which "should be deemed a waiver of that requirement."  Id. Amazone counters that it was KEE's "precondition demands to receive discovery" before

9 - OPINION & ORDER

mediation that caused the parties' failure to mediate, and therefore that failure was KEE's fault, and the stay should remain in place.[4]  Def.'s Resp. at 21.

The parties have not yet participated in mediation, as directed in my previous order.  As discussed above, I found that Amazone took steps to participate in mediation and did not waive the mediation requirement.  The stay will remain in place until the parties have mediated.  KEE's motion to lift the stay is denied.

CONCLUSION

Based on the foregoing, KEE's motion for contempt, for a preliminary injunction, and to lift the stay [28] is denied.

IT IS SO ORDERED.

Dated this _5_ day of _November_, 2014.

MARCO A. HERNÁNDEZ
United States District Judge

---

[4] Amazone requests that the stay pending mediation be extended until the reexaminations are completed.  This argument is not within the scope of KEE's pending motion.